LAND, Justice.
 

 Plaintiff is the owner of a two-story building, irregular in shape, and facing Dumaine street, Alexander avenue, and City Park avenue, in the city of New Orleans.
 

 Under date of October 27, 1931, the city of New Orleans issued plaintiff a building permit authorizing him to make repairs to the building, and, after this permit had been obtained, plaintiff entered into a contract of lease with the H. G. Hill Stores for a term of five years, and at a rental of $175 per month; the lease beginning on January 1, 1932, and being predicated upon repairs being made by plaintiff.
 

 On November 13, 1931, plaintiff was ordered by the city engineer of the city of New Orleans not to repair two certain portions of the building, which'portions consisted of two rear rooms, which, the city contended, had lost their commercial identity by nonuse, but which, plaintiff contends, were used continuously for commercial purposes as part of the restaurant and soft drink establishment, and private dining rooms connected with the soft drink establishment, which were located on the second floor of the building in question.
 

 In order to protect his rights, plaintiff applied for and obtained a permanent injunction prohibiting the city of New Orleans, its officers, agents, and employees, from interfering with him in making the repairs under the permit. From -this judgment, the city of New Orleans has appealed.
 

 The building in question is in a 0 apartment district, under the Comprehensive Zoning Ordinance No. 11,302, C. C. S., which was adopted on June 1, 1929, by the city of New Orleans. It is provided in section 10 (c) of this ordinance that: “No building, used for commercial or industrial purposes and located in a residence or apartment district, according to the provisions of this ordinance,, which hereafter becomes and remains vacant for a continuous period of six calendar-months shall again be used, except in conformity with the regulations of the district in which such building is situated; provided, too, that this regulation shall also apply to-vacant buildings last used for commercial or industrial purposes, and situated in a residence or apartment district at the time of the passage of this ordinance.”
 

 The question submitted to us for decision is purely one of fact, i. e., Have the two portions of the building for which the city permit was canceled remained vacant for a continuous period of six calendar months?There is no question here of expansion of use of the building nor of structural alterations of the building, in violation of section 10 (b) of the Comprehensive Zoning Ordinance of the city of New Orleans.
 

 The trial judge, 1-Ion. E. K. Skinner, gave the following written reasons for his judgment in the case:
 

 “Suit to enjoin the City, et als., from interfering with the improvement and leasing of the property situated at the intersection of Dumaine and City Park Avenue.
 

 
 *1053
 
 “The preponderance of evidence is with the plaintiff. It discloses that the two portions of the property marked “C” and “B” were continuously used for a warehouse to accommodate the surplus utilities of the restaurant, as well as discarded objects used in the restaurant. This is established by positive evidence, whilst that of the City and the other nominal defendants is weak and negative in character.
 

 “There will be judgment for plaintiff.”
 

 The testimony of plaintiff to establish the commercial use for a long period of the entire building emanates from witnesses who were in the best situation to know whether the building was so used. These witnesses were the plaintiff, the owner and lessor; Jules Eisse, the lessee; two maids employed by lessee; a dairyman who left milk there three years immediately preceding the beginning of repairs; a plumber by trade, who frequently did repair work in the building, .and who was there very often on other occasions.
 

 These witnesses are fully corroborated by Captain Maurice Picheloup and U. W. McMillan, who are wholly disinterested witnesses in the case.
 

 Captain Picheloup was born in 1866 one block from the property in controversy. He has lived in that neighborhood all of his life. He states that plaintiff’s building has been devoted to a restaurant, or other business purposes, ever since it has been built, and that the first building on this property had been, constructed about 56 years before the time he testified.
 

 Mr. McMillan has lived a block and a half from the property for 21 years, and testified that the plaintiff’s building had been continuously operated as a restaurant long prior to June of 1929, the effective date of the Comprehensive Zoning Ordinance.
 

 We therefore agree with the trial judge that plaintiff has proved his case by a fair preponderance of positive evidence, while defendant’s evidence is weak and negative in character.
 

 Judgment affirmed.